In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-1047-CR

____________


WILSON CURTIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from 209th District Court

Harris County, Texas

Trial Court Cause No. 843,245






O P I N I O N

 A jury found appellant, Curtis Wilson, guilty of the offense of possession of
a controlled substance and, having found true allegations of prior convictions for
attempted capital murder and possession of cocaine, assessed punishment at 25 years
in prison. In his sole point of error, appellant contends the trial court erred by
denying his motion for mistrial because of improper prosecutorial statements during
closing argument. We affirm.

Facts

 At approximately 4:30 a.m. on April 29, 2000, Houston Police Officer John
Bryson was on patrol when the continuous sound of a car horn blowing caught his
attention. Upon further investigation, Officer Bryson realized the sound was coming
from a running vehicle parked in the middle of the street.

 Bryson pulled the patrol car in front of the honking vehicle and directed his
spotlight at the center of the vehicle's windshield. Bryson observed two occupants. 
The officer identified the passenger in the vehicle as appellant. As Bryson
approached the vehicle, he asked the occupants to place their hands on the dash
board.

 As appellant brought his hands to the dash board, he dropped a bag between
his seat and door. Officer Bryson recognized the contents as crack cocaine. After the
two occupants exited the vehicle, Bryson recovered the bag of crack cocaine from
between the seat and the door. Afterwards, Bryson weighed the bag of cocaine at 2.5
grams. At the police crime lab, the chemist weighed the bag at 1.8 grams.Improper Jury Argument

 In his sole point of error, appellant contends the trial court erred in denying a
motion for mistrial because the prosecutor made improper statements during closing
argument. Appellant contends the prosecutor's comments suggested that appellant's
counsel wanted to divert the jury from the truth.

 To be proper, a prosecutor's jury argument may encompass summation of
evidence presented at trial, reasonable deductions drawn from evidence, answers to
opposing counsel's argument, or pleas for law enforcement. See McFarland v. State,
989 S.W. 2d 749, 751 (Tex. Crim. App. 1999). During jury argument, appellant's
counsel focused on several theories for the defense. Appellant's main theory of
defense, however, rested on the lack of a fingerprint analysis and the differing
weights of cocaine. The prosecutor responded:

 PROSECUTOR: Now we get down to this one: Weighing more than
1 gram and less than 4 grams. And, in all honesty folks, Mr. Hinton is
in a spot here, and he's given you some rabbit trails to think about.


 DEFENSE COUNSEL: Judge, I would object to the personal
characterization of my argument.


 THE COURT: Sustained.


 DEFENSE COUNSEL: And, I would ask the jury be instructed to
disregard that.


 THE COURT: The last statement referring to Mr. Hinton in a personal
manner will not be considered by you in any way when you go back to
deliberate. You base your verdict solely, and I mean solely, upon the
evidence; not about the personalities or strategies of the attorneys.


 DEFENSE COUNSEL: Judge, we move for a mistrial.


 THE COURT: That will be denied.


 In responding to defense counsel's argument that a fingerprint analysis should
have been conducted, the prosecutor argued:

 PROSECUTOR: Yeah, there is a fingerprint lab up above the chemist
lab. But, there wasn't of --there was no question about whose dope it
was. Officer Bryson saw it in Wilson Curtis' hand, saw where he
dropped it in between the door and the seat on the passenger side. And
he picked it up, and he's had it ever since, other than when he turned it
over to the lab. So, there wasn't any need for fingerprint analysis. 
There wasn't [sic] lots of people that might have had this cocaine that
maybe we charged the wrong person. And, Mr. Hinton hasn't even
argued that. That's just another rabbit trail folks.


 DEFENSE COUNSEL: Excuse me, again, I object.


 THE COURT: Do not go into strategies, please.


 DEFENSE COUNSEL: I ask the jury be instructed to disregard that last
statement.


 THE COURT: Same instruction, ladies and gentlemen. You base your
decision solely, I mean solely on the evidence; not about the
personalities nor the strategies of the attorneys. Please stay away form
that.


 DEFENSE COUNSEL: Move for mistrial, Judge.


 THE COURT: Denied.

 

 We review claims of harm arising from improper argument under a three-part
test: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the
prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy
of any cautionary instruction by the judge); and (3) the certainty of conviction
without the misconduct (the strength of the evidence supporting the conviction). 
Mosely v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

 In the present case, the prosecutor's improper comments included, "Mr. Hinton
is in a spot here, and he's given you some rabbit trails." Later, the prosecutor
continued by stating, "Mr. Hinton hasn't even argued that. That's just another rabbit
trail folks." Such comments are mildly inappropriate, but do not directly accuse the
defense attorney of lying or suggest any evidence was manufactured. Mosely, 983
S.W.2d at 259. The jury is in a position to evaluate the truthfulness of the
prosecutor's assertion and such comments could backfire if the jury disagrees. Id. 
These comments were improper, but the severity of the misconduct is relatively small. 
Mosely, 398 S.W.2d at 260. Thus, in applying the first factor, the misconduct, if any,
does not weigh heavily in appellant's favor.

 In applying the second prong, we consider the measures adopted to cure the
misconduct. Unlike the Mosely trial court, the present trial court sustained the
defense counsel's objections and instructed the jury to disregard the prosecutor's
remarks. Generally, any harm from an improper statement in a jury argument is
remedied when the court instructs the jury to disregard, unless the remark is so
inflammatory that the prejudicial effect cannot be removed by an admonishment. 
Johnson v. State, 698 S.W.2d 154, 167 (Tex. Crim. App. 1985). Although the
prosecutor repeated the statement, appellant objected again, and the trial court
sustained the objection and instructed the jury to disregard. Given the mildness of the
comments, the instructions to disregard were sufficient to remedy any misconduct. 
See Johnson, 698 S.W.2d at 167.

 Finally, in applying the third prong, we look at the certainty of conviction
absent the misconduct. In looking at the strength of the evidence to support Wilson's
conviction, it is clear that the entire case rested on the testimony of Officer Bryson. 
The jury found Officer Bryson credible, thus convicting Wilson. The defense put
forth only one witness and asked that witness two questions. In comparing the
strength of the State's case versus the mildly inappropriate comments, this factor also
heavily weighs toward harmlessness.

 Having examined the arguments complained of under the Mosely factors, we
conclude that the trial court did not abuse its discretion in overruling appellant's
motions for mistrial. 

 We overrule appellant's sole point of error.


Conclusion

 We affirm the judgment of the trial court.



 Tim Taft

 Justice


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.


Do not publish. Tex R. App. 47.4